UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

       Plaintiff,                        Case No. 1:19-CR-108

v.                                        Hon. Paul L. Maloney
                                            United States District Judge

JEREMY DARNELL MORTON,

       Defendant.
_____/

**DEFENDANT'S MOTION TO EXCLUDE 404(b) EVIDENCE**

Jeremy Morton is charged in a one-count Indictment with possessing heroin with intent to distribute on September 17, 2015. Trial is currently scheduled for August 12, 2019. The government gave notice that it plans to introduce at trial, under Federal Rule of Evidence 404(b), Mr. Morton's prior drug activity that occurred in 2007 and 2008, seven and eight years before the instant offense. The proposed evidence should not be admitted under Federal Rule of Evidence 404(b) because it is not being offered for a permissible purpose that is material in this case. It should also be excluded under Federal Rule of Evidence 403 because it is more prejudicial than probative.

**Argument**

Under Federal Rule of Evidence 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule

404(b) excludes evidence of prior bad acts not because they are logically irrelevant but because "evidence of other crimes or wrongs of the accused could so prejudice a jury that a fair verdict might be impossible." *United States v. Phillips*, 599 F.2d 134, 136 (6th Cir. 1979) (holding that it was an error to allow testimony that a defendant had recently participated in three other robberies at defendant's robbery trial). As the Supreme Court stated, other bad-acts evidence is inadmissible because the jury can prejudge a defendant as a bad person and deny him a fair opportunity at trial. *Michelson v. United States*, 335 U.S. 469, 475-76 (1948). Evidence of other crimes or bad acts is admissible only in limited circumstances, as a proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b).

The Sixth Circuit stated that a district court should undertake a careful and close analysis before admitting the evidence under Rule 404(b)(2). *United States v. Merriweather*, 78 F.3d 1070, 1073 (6th Cir. 1996). First, the government must identify the specific purpose for which it offers the "other acts" evidence. *Id*. at 1076. Second, the district court must determine whether the identified purpose is material, or "in issue" in the case. *Id*. at 1076-77. As a third step, the district court must weigh the evidence under Rule 403 to determine whether its probative value is substantially outweighed by the danger of unfair prejudice. *Id*. at 1077.

## I. The proposed evidence is not admissible for a proper purpose that is in issue in this case

Under step two—whether the proffered evidence is admissible for a proper purpose—the court must decide "whether that evidence is probative of a material issue

other than character." *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008).  That is a three-part inquiry, which is satisfied when "(1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *Id.* at 441-42.

The government argues that Mr. Morton's drug activity that occurred seven and eight years before the instant offense is relevant to show his intent to distribute drugs. Intent is a permissible ground for admitting 404(b) evidence, however, for the evidence to be admissible, the proposed evidence must be probative of intent.  Prior drug distribution is probative on an issue of intent only "when the prior distributions were part of the same scheme or involved a similar modus operandi as the present offense." *United States v. Bell*, 516 F.3d 432, 443 (6th Cir. 2008).  "Unless the past and present crime are related by being part of the same scheme of drug distribution or by having the same modus operandi, the fact that a defendant has intended to possess and distribute drugs in the past does not logically compel the conclusion that he presently intends to possess and distribute drugs." *Id.* at 443–44.

Here, prior drug dealing that occurred seven and eight years ago, is not a part of the same scheme and same drug distribution.  Further, there is no signature modus operandi. The government argues that there are similarities between the instant case and the 2007 arrest; it does not argue similarities with other incidents, so presumably the government argues only that 2007 arrest is probative and admissible to prove intent.  This incident is not admissible to prove intent because it does not have such distinctive similarities with the instant case as to present a signature modus operandi.  The government argues that it

3

does present the same modus operandi because in both instances, Mr. Morton had a large amount of cash in his pocket, told police that the cash belonged to his mother, attempted to hide baggies when stopped by the police, and used clear plastic baggies for packaging. But these are superficial, tangential similarities, that are present in most cases. They do not present such distinctive features as to constitute a distinctive "modus operandi."

The government further argues that the prior drug dealings and convictions from 2007 and 2008 are admissible to prove Mr. Morton had a plan to hide drugs; a motive to hide drugs because he wished to avoid arrest and convictions; and that he did not put drugs in a water tank by mistake or accident. None of that is an issue in this case. Mr. Morton is not arguing that the person who placed heroin in the water tank did not have a plan or motive, or did it by accident. He is simply holding the government to its burden to prove that he was the person who placed the heroin in the bathroom water tank.

In *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008), the Sixth Circuit held that the defendant's prior drug offense convictions were not admissible to prove intent and the absence of mistake or accident at the defendant's trial for possession with intent to distribute controlled substance, reversing the district court and vacating the conviction. The Court stated that the defendant did not assert a defense of mistake or accident by claiming that he unwittingly and unknowingly engaged in drug dealing, but argued that he never possessed drugs. *Bell*, 516 F.3d at 442. "As [defendant] 'never claimed that he was unknowingly dealing in cocaine or was unwittingly engaging in unlawful activity,' the evidence of his prior drug convictions could not be properly admitted for the purpose of absence of mistake or accident." *Id*. at 442. The same applies here. Mr. Morton does not

4

argue that the person who placed heroin in the water tank did it unknowingly or unwittingly or by mistake, or to avoid arrest. Mr. Morton is simply holding the government to its burden to prove that he placed the heroin in the water tank.

Further, prior drug dealings are not probative on any of these issues. "Something more than repeated performance of the same class of crimes is required in evidencing a "design" or "plan" which, if proved, may raise the inference that the accused was the perpetrator of the crime in question." *United States v. Phillips*, 599 F.2d 134, 136–37 (6th Cir. 1979). "[T]here must either be an agreement to commit a series of crimes, a "plan," or there must be a distinctive pattern "(t)he device used must be so unusual and distinctive as to be like a signature." *Id*. In *Phillips*, the Court held that evidence that a defendant recently committed other bank robberies is not probative on the issue of plan, at the defendant's robbery trial, because there was no distinctive pattern or signature modus operandi.

In *United States v. Jenkins*, 593 F.3d 480 (6th Cir. 2010), the Court found that evidence of defendant's prior drug conviction was not admissible as relevant to defendant's knowledge or intent to distribute at defendant's trial for drug and gun offenses, reversing the district court. In *United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996), the Court also reversed the district court, holding that it was plain error to admit, at the defendant's trial for drug conspiracy, a taped conversation relating to another, uncharged drug conspiracy, to prove "opportunity," "preparation," "plan," "knowledge," or "absence of mistake."

5

Here, none of the purposes the government identified, intent, plan, motive, absence of mistake—are an issue in this case, and even if they were, the proposed evidence is not probative for that issue.  Therefore, the evidence should not be admitted.

## II.     The proposed evidence is more prejudicial than probative and should be excluded under Rule 403

Even relevant evidence should be excluded under Federal Rule of Evidence 403 if "its probative value is substantially outweighed by the danger . . . of unfair prejudice." Fed. R. Evid. 403.  As the Supreme Court explained "[t]he term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Bell*, 516 F.3d at 444 (*quoting Old Chief v. United States*, 519 U.S. 172, 180, 117 S. Ct. 644, 650 (1997)).  "Such improper grounds include 'generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the latter bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily).'" *Bell*, 516 F.3d at 444-45 (*quoting Old Chief*, 519 U.S. at 180–81, 117 S. Ct. 644).

Here, there is no probative value of Mr. Morton's prior drug activity, other than prohibited propensity evidence.  Such evidence would paint him as a repeat drug offender, which "greatly increas[es] the chance that the jury would punish him not for his involvement in the offense at issue, but rather because he appeared to be a 'bad' guy." *Bell*, 516 F.3d at 446 (finding that district evidence of the defendant's prior drug conviction was highly prejudicial and the district court abused its discretion to hold otherwise); *see also*

6

*Merriweather*, 78 F.3d at 1078 (holding that a taped conversation relating to a separate uncharged drug conspiracy was more prejudicial than probative and should have been excluded).

    A limiting instruction would not cure the prejudice.  There is an obvious and real danger that the jury will treat evidence of a prior drug conviction as forbidden propensity evidence, even if properly instructed.  *Jenkins*, 593 F.3d at 486.  "When jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful and prejudicial impact." *Id*. (*citing United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994)).  "Even when the trial judge carefully instructs the jury regarding the limited significance it should give to the evidence of other crimes, prejudice to the defendant is 'wellnigh inescapable.'" *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985) (internal citation omitted). "Mental gymnastic" required by limiting instructions may be far beyond the jury capacity. *Id*. at 1118. "To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act . . . well beyond mortal capacities." *Id*.; *see also Government of Virgin Islands v. Toto*, 529 F.2d 278, 283 (3d Cir. 1976) (when evidence of other crimes reaches the jury, "it is most difficult, if not impossible, to assume continued integrity of the presumption of innocence. A drop of ink cannot be removed from a glass of milk."); *Dunn v. United States*, 307 F.2d 883, 886 (5th Cir. 1962) ("one cannot unring a bell; after the thrust of the saber it is difficult to say forget the wound"). The empirical research confirms that the jury treats prior crimes as highly probative. *Daniels*, 770 F.2d at 1116.

The proposed evidence should be excluded under Rule 403 because it is substantially more prejudicial than probative as there is a substantial danger that the jury will convict Mr. Morton, not because the government proved that he committed the charged offense, but because they believe him to be a bad man who deserves to be punished.

## Conclusion

For all the above reasons, Jeremy Darnell Morton respectfully requests that the Court exclude the proposed evidence.

                                                Respectfully submitted,

                                                SHARON A. TUREK
                                                Federal Public Defender

Dated:  August 1, 2019                    /s/ Sean R. Tilton
                                                SEAN R. TILTON
                                                Assistant Federal Public Defender
                                                50 Louis, NW, Suite 300
                                                Grand Rapids, Michigan 49503
                                                (616) 742-7420

                                                JASNA TOSIC
                                                Research & Writing Specialist